UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV-16-01109-MWF (RAOx)      **Date:** February 14, 2017
**Title:** Deshay David Ford -*v*- Chancellor Bernard Luskin, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER

      On February 17, 2016, Mr. Ford initiated this action against four Defendants: Chancellor Bernard Luskin, Ventura County Community College District (the "District"), Michael Shanahan, and Larry Kennedy. On the same day, Mr. Ford filed a Proof of Service, indicating that he served the Complaint on Defendant Luskin and the District through certified mail. (Proof of Service at 1 (Docket No. 2)).

      On May 9, 2016, the Court entered an Order re: Proof of Service (the "OSC") giving Mr. Ford until **May 31, 2016**, to effect proper service on all Defendants named in this action. (Docket No. 18). This was an extension of the time provided for in Rule 4(m) of the Federal Rules of Civil Procedure. The Court warned Mr. Ford that if he did not file proper proof of service by May 31, 2016, the action would be dismissed with prejudice.

      Mr. Ford instead filed motions for reconsideration, for a replacement judge, and to disqualify the Court. The various motions were denied. Mr. Ford appealed from the Order denying the motion for a replacement judge. (Docket Nos. 27, 29–31). While the appeal was pending, Mr. Ford filed two requests for entry of default. (Docket Nos. 33, 35). On January 4, 2017, the Ninth Circuit dismissed the appeal. (Docket No. 41). Mr. Ford has since filed two Motions for Default Judgment with the Court. (Docket Nos. 39, 42).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-16-01109-MWF (RAOx)          **Date:** February 14, 2017
**Title:** Deshay David Ford -v- Chancellor Bernard Luskin, et al.

Defendants are yet to appear in this action, and Mr. Ford has yet to file proper proof of service in accordance with Federal Rule of Civil Procedure 4 and this Court's OSC.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Mr. Ford has failed even to notify properly the individuals against whom he now requests default judgment. He has dragged his feet in prosecuting this action and has disregarded the Court's explicit instructions set forth in the OSC. Mr. Ford's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate diligently.

The third factor — prejudice to the putative Defendants — also weighs in favor of dismissal. A rebuttable presumption of prejudice arises when there is a failure to prosecute the action. *Eisen*, 31 F.3d at 1452–53. That presumption may be rebutted where a plaintiff proffers an excuse for delay. Mr. Ford has failed to come forward with any excuse or reason for delay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-16-01109-MWF (RAOx) | Date: February 14, 2017 |
| Title: Deshay David Ford -v- Chancellor Bernard Luskin, et al. | |

The fourth factor — public policy in favor of deciding cases on their merits — weighs against dismissal. It is Mr. Ford's responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co*., 942 F.2d 648, 652 (9th Cir. 1991). Mr. Ford has failed to discharge his responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Mr. Ford's failure to prosecute.

The fifth factor — availability of less drastic sanctions — weighs in favor of dismissal. The Court has attempted to avoid outright dismissal by issuing the OSC and providing Mr. Ford an opportunity to explain why this matter should proceed despite significant delay. Mr. Ford has not complied with the OSC and ignored the Court's explicit warning that "[i]f a Defendant is not properly served or if the proof of service is not filed by May 31, 2016, then the claims against that Defendant will be dismissed with prejudice." (OSC at 2); *see also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Mr. Ford has had nine months to serve the Defendants properly; the Court has no indication that, if given yet another extension, Mr. Ford would finally execute proper service.

Taking all of the above factors into account, dismissal for failure to prosecute and failure to comply with the OSC is appropriate. Accordingly, the action is **DISMISSED** *with prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.